The writ of habeas corpus is accordingly discharged and the relator is remanded.

## Nelson v. Ober et al.

*Mark T. Milnor*, for plaintiff.
*George V. Hoover*, for defendants.

HARGEST, P. J., April 26, 1937.—This matter comes before us upon an affidavit raising questions of law. Plaintiff, a real estate agent, brings this suit against defendants who have title as tenants in common to a piece

of real estate located on Cameron Street, in the City of Harrisburg. Plaintiff's statement avers that John M. Ober entered into a contract, in writing, with plaintiff, giving plaintiff exclusive right to advertise and offer for sale, for the term of one month, this real estate for the gross price of $12,300 and agreeing to pay plaintiff any sum he received in excess of $12,000; that at the same time John M. Ober, as agent for David W. Ober, entered into a verbal contract with plaintiff to the same effect; that plaintiff entered into a written contract with the Giant Quality Food Price-Cutter, Inc., to sell the property for $12,300, and therefore claims of the defendants the sum of $300 with interest. Defendants raise two questions of law: (1) That the contract is ultra vires and void because they are tenants in common and that defendant John M. Ober entered into the contract in writing to sell the entire property without there being an averment in the statement that he had any authority to bind David W. Ober; (2) that the contract is void because plaintiff avers that David W. Ober, through his son, John M. Ober, his agent, entered into an oral contract giving plaintiff the right to advertise and offer the real estate for sale without any written authority from David W. Ober, and the said contract is therefore in conflict with the statute of frauds.

As to the second proposition, it is only necessary to say that the Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1, refers to the conveyance of interests in land by leases exceeding the term of three years and otherwise, but does not in any way refer to agency contracts for the sale of lands. An agency may be created orally for the sale of lands but the agent cannot bind his principal in writing unless he himself has received authority to contract in writing. Nicholson's Pennsylvania Law of Real Estate, §§401, 402, pp. 455, 457. It therefore follows that an agent may be employed to consummate a sale and as between him and his employer the oral contract is good.

The other proposition that the contract is ultra vires because it was only entered into in writing by John M. Ober is also unsound. The statement avers that John M. Ober entered into the contract for David W. Ober verbally and as the latter's agent. If the averments of the statement are true, then plaintiff had full authority from both defendants to make the sale. If John M. Ober had no authority as agent to contract for his father, he still contracted with plaintiff by himself to make the sale.

In Sipe v. Gross, 72 Pitts. 62, Louis Gross placed with plaintiff certain real estate owned by himself and John Swartz as tenants in common for the purpose of having plaintiff make a sale of it. The price named was $17,000. Gross agreed to pay plaintiff a commission of three percent if a purchaser was obtained. Plaintiff knew at the time that Swartz owned an undivided one-half interest. Plaintiff claimed only one half of the commission on $17,000 from Gross. There were binding instructions given for the defendant because there was a joint ownership and the court said:

"The plaintiff either should have sued the joint owners or the defendant individually for the whole amount of the commission."

The converse of the case just cited is found in the case of Mendel et al. v. Helm, 72 Pitts. 909. There it was claimed that plaintiffs were verbally engaged by the defendant Helm to sell the property at a named price upon certain stated terms. The property was owned by defendants John G. Helm and Edgar Helm, each owning a quarter interest, and Ernest C. Daum, owning a half interest. It was averred that at the time of making the agreement defendant Helm asserted that he represented his cotenants in employing plaintiffs. In the affidavit of defense, defendant averred that none of his cotenants authorized him to employ plaintiffs and he denied that he was so authorized. A verdict against defendant Helm for the whole commission was sustained. It was said:

"In Kroeger v. Pitcairn, 101 Pa. 311, it was directly ruled 'that whenever a party undertakes to act as agent for another, if he does not possess any authority for the principal therefor, or if he exceeds the authority delegated to him, he will be personally liable to the person with whom he is dealing for and on account of his principal', cited and approved in Wolfe v. Wilson, 28 Sup. Ct., 511."

The jury found by their verdict that defendant employed plaintiffs to sell the real estate and upon the theory that if he did this, as he testified, without authority, he was individually liable and if he did it with authority he might recover from them, the verdict was sustained.

In the instant case the statement avers that John M. Ober signed the contract in writing for himself and verbally agreed with plaintiff, as agent for his father, David W. Ober. If on the trial plaintiff proves the agency he can recover against both. If, however, he cannot show the agency as to David W. Ober, his right of recovery against John M. Ober will not be impaired.

Now, April 26, 1937, the affidavit raising questions of law is hereby overruled and defendants are hereby directed to file an affidavit of defense to the merits of the claim within 15 days from this date.